IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**STEVEN S. T.[1]**,

        Plaintiff,

        v.

**KILOLO KIJAKAZI,** Acting Commissioner of Social Security,

        Defendant.

Case No. 3:21-cv-383-SI

**OPINION AND ORDER**

Steven T, 8 NW 8th Ave. #1005, Portland, OR 97209. Plaintiff *pro se*.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Erin F. Highland, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

        Plaintiff Steven T. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration (Commissioner) denying Plaintiff's application for disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

insurance benefits (DIB) and supplemental security income (SSI) for a closed period of time. The Commissioner has found Plaintiff disabled beginning September 5, 2016. Plaintiff appeals the denial of his application from his alleged onset date through September 5, 2016. For the following reasons, the Court affirms the Commissioner's decision. Plaintiff has also filed two motions accompanying his appeal, which the Court denies.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff has a complicated administrative history. He has filed several applications and had gone through several levels of consideration. He filed applications for SSI and DIB in January 2011 and November 2011 that each were denied upon initial review and neither of which he appealed. AR 455. He then filed a third application for DIB and SSI on May 14, 2013, alleging disability beginning on July 17, 2012. Plaintiff was born in September 1961, and thus he was 50 years old on his alleged disability onset date.

Plaintiff's third application was denied initially and upon reconsideration. He appealed and requested a hearing before an Administrative Law Judge (ALJ). Plaintiff appeared at a hearing held on June 3, 2015, representing himself, and testified. *Id.* On March 25, 2016, ALJ Vadim Mozyrsky denied Plaintiff's applications, finding him not disabled. AR 455-470. The Appeals Council remanded Plaintiff's case to ALJ Mozyrsky, noting several errors and with several specific instructions of considerations upon remand. AR 450-51.

Upon remand, Plaintiff was represented by counsel. Plaintiff appeared and testified at a second hearing held on January 19, 2018. AR 486. Plaintiff's treating psychiatrist, John Bischoff, M.D. and one of his mental health counselors, Kyle Stillwell, CPC, WMHP, also attended and testified on Plaintiff's behalf. AR 127. ALJ Mozyrsky issued a partially favorable decision, finding Plaintiff disabled as of September 5, 2016, the date his age changed categories, but not before. AR 485-504.

The Appeals Council again remanded Plaintiff's case. AR 520-21. The appeals council affirmed that Plaintiff was disabled as of September 5, 2016, but remanded for further consideration from the time before September 5, 2016. The Appeals Council concluded that ALJ Mozyrsky failed properly to evaluate Dr. Bischoff's testimony from the hearing, and failed to

evaluate the opinion of another treating doctor in the record, Chris Mathe, Ph.D. The Appeals Council ordered that a different ALJ hear Plaintiff's case upon remand. The Appeals Council required the ALJ upon remand to consider the treating source opinions previously ignored, and noted that the ALJ "may request the treating sources to provide additional evidence and/or further clarification of the opinions." AR 520.

Upon the second remand, ALJ Cynthia D Rosa (the ALJ) evaluated Plaintiff's application. Plaintiff continued to be represented by counsel. Plaintiff appeared and testified at a hearing held on February 27, 2020. AR 71. Although Mr. Stillwell was with Plaintiff before the start of the hearing, he did not stay to or was not permitted to attend the hearing. Nor did the ALJ permit Dr. Bischoff to testify at the hearing. AR 72. For this iteration of his claim, Plaintiff amended his alleged onset date to July 1, 2010. AR 836. Plaintiff was 48 years old as of the amended alleged onset date. The ALJ considered the opinions of Drs. Mathe and Bischoff, among other evidence, but concluded that Plaintiff was not disabled from July 1, 2010 to September 5, 2016.[2] AR 71-85. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 17. Plaintiff requests judicial review of that decision.

## B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

---

[2] In her opinion, the ALJ acknowledged Plaintiff's amended onset date of July 1, 2010, but later referenced his original date of July 17, 2012, and in her conclusion referenced the date of July 17, 2010. The Court considers those references to be scrivener's errors and construes the ALJ's opinion as finding Plaintiff not disabled from his amended alleged onset date of July 1, 2010 until the date the Commissioner determined disability began, September 5, 2016.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

> 4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

As a preliminary step for Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status under the Act through March 31, 2013, adopting the finding of ALJ Mozyrsky. AR 74. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. AR 75. At step two, the ALJ found that Plaintiff had the following

severe impairments: obesity, bipolar disorder; major depressive disorder, post-traumatic stress disorder (PTSD), degenerative disc disease, and asthma. *Id.* At step three, the ALJ determined that none of the impairments, either individually or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 75-80.

      The ALJ next determined Plaintiff's RFC. The ALJ found that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasional ramps and stairs; no ropes, ladders or scaffolds; occasional balance stoop, crouch, crawl, and kneel; frequent reaching in all directions bilaterally with upper extremities; frequent fingering and handling bilaterally; simple, routine, repetitive tasks with reasoning level of one to two; no public contact, occasional, superficial contact with coworkers; no teamwork; and he should avoid concentrated exposure to vibration, hazards, and fumes, gases, dust, odors, other pulmonary irritants.

AR 80.

      At step four, the ALJ determined that Plaintiff has no past relevant work, adopting the conclusion from ALJ Mozyrsky's opinion. AR 83. At step five, relying on testimony of a vocational expert, and considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy. These jobs included Production Assembler (20,800 jobs in the national economy), Electrical Accessories Assembler (79,000 jobs in the national economy), and Hand Packager and Inspector (20,900 jobs in the national economy). Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through May 26, 2021, the date of the ALJ's decision. AR 84.

# DISCUSSION

## A. Appeal of ALJ's Decision

Plaintiff fails to articulate a specific challenge to the ALJ's opinion, supported by cites to the administrative record or legal authority. Plaintiff generally argues that he is entitled to an evidentiary hearing in which he may question agency medical witnesses, that he is entitled to a jury trial for his social security appeal, that the ALJ was biased and discriminatory, and that his attorney and the ALJ "colluded" to deprive him of a fair proceeding. These arguments are rejected.

The Court "must begin with a presumption that the ALJ was unbiased. [A plaintiff] can rebut this presumption by showing a 'conflict of interest or some other specific reason for disqualification.'" *Bayliss v. Barnhart*, 427 F.3d 1211, 1215 (9th Cir. 2005) (quoting *Schweiker v. McClure*, 456 U.S. 188, 195 (1982)) (citation omitted). "To succeed in [a claim of ALJ bias, a plaintiff] must show that the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment." *Id.* at 1214-15 (quotation marks omitted). Plaintiff argues that the ALJ was biased because she did not allow Dr. Bischoff to testify for a second time and she and Plaintiff's attorney "colluded" and were "making hand signals." Plaintiff fails to meet his burden to show bias by the ALJ.

Plaintiff also is not entitled to a jury trial in this case. As explained by another U.S. District Court,

> A jury is not available under 42 U.S.C. § 405(g), however, because the statute does not affirmatively and unambiguously grant a right to a jury trial. *See Lehman v. Nakshian*, 453 U.S. 156, 168 (1981) ("A plaintiff in an action against the United States has a right to trial by jury only where Congress affirmatively and unambiguously granted that right by statute.").

*Lee v. Astrue*, 2010 WL 346452, at *1 (D. Haw. Jan. 29, 2010); *see also Greene v. Comm'r of the Soc. Sec. Admin.*, 194 F. App'x 415, 416 (9th Cir. 2006) ("Greene's contention that he was improperly denied a jury trial is unavailing. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner.")).

For the same reasons, Plaintiff is not entitled to an evidentiary hearing. The Court enters its judgment "upon the pleadings and transcript of the record." 42 U.S.C. § 405(g); *see also Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir. 1988) ("Courts are authorized to review only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings." (citing 42 U.S.C. § 405(g)).

Because Plaintiff is proceeding *pro se*, the Court liberally construes Plaintiff's complaint, supplemental complaint, and other filings to ascertain whether Plaintiff raises any colorable challenge to the ALJ's opinion.

Plaintiff argues that the ALJ failed to comply with the instructions of the Appeals Council. The ALJ, however, evaluated at length the opinions of the two treating providers as directed by the Appeals Council. The ALJ offered many specific and legitimate reasons, supported by substantial evidence in the record, why she gave "little weight" to the opinions of Drs. Mathe and Bischoff. AR 76-78. The ALJ explained in detail, offering specific examples, why the opinions of these doctors were not supported by or were contradicted by evidence in the record. The Court finds that the ALJ did not err in evaluating and then discounting the opinions of Drs. Mathe and Bischoff.

Plaintiff also generally argues that the ALJ failed to give enough weight to Plaintiff's treating doctors and gave too much weight to the agency examining and reviewing physicians.

The ALJ, however, gave only "some weight" to the agency reviewing and examining physicians, finding that the evidence "from July 2010 to September 2016, shows somewhat greater impairment" than opined by those doctors. AR 79. The ALJ also provided sufficient reasons, supported by substantial evidence, for why she gave somewhat more weight to the opinions of these doctors than she did Drs. Mathe and Bischoff. The ALJ primarily adopted the evaluation of the medical evidence from ALJ Mozyrsky, with the exception of the ALJ's supplementation of the analysis of the opinions of Drs. Mathe and Bischoff, and other new evidence. The Court finds no error in the ALJ's evaluation of the medical evidence.

## B. Motions

Plaintiff has filed two motions along with his appeal. Plaintiff first moves for an audio file of the hearing of his administrative appeal before the ALJ. ECF 44. The Court denies this motion. A transcript of that hearing is included in the administrative record. *See* AR 100-26. That is what is required under the applicable regulations. *See* 20 C.F.R. §§ 404.951(a); 416.1451(a) ("The hearing recording will be prepared as a typed copy of the proceedings if—(2) You seek judicial review of your case by filing an action in a Federal district court within the stated time period . . . .").

Plaintiff also moves to depose witnesses he believes "colluded." ECF 50. This includes Brady Williams, Plaintiff's former attorney, ALJ Cynthia Rosa, and Kyle Stillwell, Plaintiff's mental health counselor. The Court denies this motion. As discussed above, the Court resolves social security appeals on the administrative record and discovery is inapplicable. Even if discovery could be applicable in extraordinary circumstances, the requested depositions would not be warranted based on Plaintiff's speculative and conclusory allegations of "collusion."

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled. The Court DENIES Plaintiff's motion for an audio recording of the administrative hearing. ECF 44. The Court DENIES Plaintiff's motion to depose witnesses. ECF 50.

**IT IS SO ORDERED**.

DATED this 8th day of September, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge